**MACHADO; et ux v. MORTGAGE INVESTMENT FOUNDATION, Inc.**

Circuit Court, Dade County.

March 17, 1959.

Leonardo Spitale, Miami, for plaintiffs.

Martin Yelen, Miami, for defendant.

JOHN W. PRUNTY, Circuit Judge.

This cause came before the court for final hearing on February 26, 1959, and the court having heard testimony and evidence offered by and on behalf of the parties hereto and having heard argument of counsel, having carefully examined the file in this cause, and having carefully examined memoranda of law presented by the parties hereto at the request of this court at said final hearing, finds—

That this court has jurisdiction of the parties hereto and of the subject matter hereof.

That the equities of this cause are with the plaintiffs.

That the defendant in this cause is not a holder in due course of the mortgage here in controversy and took same subject to any and all infirmities including the rights of parties in possession.

That Deal Realty of Florida, Inc., a Florida corporation, has never been a holder in due course of the mortgage here in controversy, but that the acts and knowledge of Henry O'Brien, president of Deal Realty of Florida, Inc., concerning the mortgage here in controversy were, by the preponderant weight of evidence offered in this cause, imputable to Deal Realty of Florida, Inc.

That Henry O'Brien and Deal Realty of Florida, Inc., had full knowledge of the rights of the plaintiffs herein and that plaintiffs were in possession of the property involved in this cause before, during and after the execution of the mortgage here in controversy, and that same was fraudulently executed.

It is thereupon, ordered, adjudged and decreed—

That the mortgage deed given by Henry O'Brien and Dolores M. O'Brien, his wife, to Deal Realty of Florida, Inc., a Florida corporation, dated November 25, 1957, and recorded November 26, 1957 in official records book 553, page 376 of the public records of Dade County, encumbering the following described property — lot 21, block 11, Broadmoor Manor, according to the plat thereof, recorded in plat book 50, at page 29 of the public records of Dade County,

Florida; be and the same is hereby declared to be null and void and of no force and effect, and the clerk of the court is hereby directed to cancel the same of record.

That this final decree in no way affects the obligation of that certain promissory note for which the mortgage canceled by this court in this decree was given as security.

That the defendant's counterclaim be and the same is dismissed with prejudice, and the clerk of the court is directed to cancel of record the lis pendens filed in this cause.